UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jessica J. M.,                                                      Civ. No. 20-1136 (PAM/TNL)

          Plaintiff,

v.                                                                  **MEMORANDUM AND ORDER**

Andrew M. Saul, Commissioner
of Social Security,

          Defendant.

---

This matter is before Court on the parties' cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion is denied and Defendant's Motion is granted.

**BACKGROUND**

Plaintiff Jessica J. M. filed applications for disability insurance benefits and supplemental security income benefits in January and June 2017, respectively, alleging that she has been disabled since September 16, 2016.[1] Plaintiff claims multiple physical disabling conditions, including various back problems after a serious bicycle accident in 2011 in which she suffered spinal and sternum fractures, chronic headaches, arthritis in her hands, shoulder tendinosis, obesity, fibromyalgia and chronic pain syndrome. She also claims mental impairments, including anxiety disorder and depression.

---

[1] Plaintiff received disability insurance benefits from May 2013 until May 2015 as a result of the bicycle accident. (Admin. R. (Docket No. 21) at 189.) The Administrative Law Judge in Plaintiff's previous disability proceedings found that she suffered from chronic pain, obesity, migraine headaches, and adjustment disorder, but that those severe impairments had either resolved or were no longer severe by May 2015. (Id. at 187, 189.)

An individual is considered disabled for purposes of Social Security disability benefits if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that she is not engaged in any "substantial gainful activity." Id. § 416.920(a)(4)(i). If she is not, the claimant must then establish that he has a severe medically determinable impairment or combination of impairments at step two. Id. § 416.920(a)(4)(ii). At step three the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. Id. § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. The claimant then bears the

burden of establishing her residual functional capacity ("RFC") and proving that she cannot perform any past relevant work. Id. § 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves she is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

The Administrative Law Judge ("ALJ") determined after a hearing that many of the impairments Plaintiff claims are severe: multiple fractures of the spine and sternum in 2011, status post thoracic spine fusion and multiple surgeries, and failed back surgery syndrome; lumbar degenerative disc disease; cervical disc protrusions; right shoulder tendinosis; polyartritis of the hands; chronic pain syndrome; fibromyalgia; chronic daily headaches; atypical anxiety disorder; and depression. (Admin. R. at 14.) The ALJ also noted that Plaintiff suffered from a host of non-severe impairments that did not impose any functional restrictions, including obesity, obstructive sleep apnea, arteriovenous malformation of the brain, and left shoulder pain. (Id.)

The ALJ then determined that none of Plaintiff's severe impairments met or medically equaled the requirements of listed impairments. (Id. at 14-17.) The ALJ found that Plaintiff's residual functional capacity ("RFC") allowed her to perform sedentary work with some restrictions. (Id. at 17.) After a thorough discussion of the medical evidence in the record, the ALJ determined that Plaintiff could perform jobs that exist in significant numbers in the national economy and that she was not disabled. (Id. at 25-26.)

3

Plaintiff brought this lawsuit under 42 U.S.C. § 405(g), after the Appeals Council affirmed the ALJ's determination that she was not disabled. Plaintiff contends that the ALJ erred in determining that her severe impairments are not disabling. She argues that the ALJ's RFC does not account for all of her credible limitations, and that the ALJ erred in determining that her migraine disorder did not meet the listing's requirements. Plaintiff asks the Court to remand the case to the ALJ for a full consideration of the medical evidence.

**DISCUSSION**

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). This "threshold . . . is not high." Id. "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

The ALJ determined that although Plaintiff could not return to her past work as a personal care attendant and group home supervisor, Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, with multiple restrictions. Plaintiff contends that the RFC determination is not supported by substantial evidence in the record. She

4

notes that her primary care provider found that she needed a wheeled walker and daily personal-care-attendant services in 2018.[2] She further notes that in her testimony at the hearing before the ALJ, she stated that she had migraines at least two times a month, and that the pain lasted for three days each time, making regular work attendance impossible. Plaintiff attends therapy sessions twice a week to address her mental-health issues. Plaintiff also points out that her primary care provider has repeatedly opined that she cannot work on a full-time basis.

Plaintiff argues first that the ALJ erred in not incorporating into the RFC Plaintiff's repeated absences from work. According to Plaintiff, it is uncontroverted that she would need to be absent from work for multiple medical visits, in addition to the days she suffers from migraines. In 2017, Plaintiff had 36 medical appointments, or an average of three per month. The Vocational Expert testified that the jobs for which Plaintiff was physically qualified would tolerate no more than one or two absences per month. (Admin. R. at 172.)

The ALJ's decision does not directly address Plaintiff's claim of frequent absences from work. He found, however, that the medical evidence did not support the frequency of migraines Plaintiff claimed. (Id. at 15.) And as Defendant argues, even assuming that Plaintiff required three medical appointments per month, it is reasonable to assume that these appointments would not take up an entire workday, and indeed that many of the appointments could be accomplished on off-work hours or on days Plaintiff was not

---

[2] As the ALJ noted, however, Plaintiff told her primary-care provider that her physical therapist recommended a wheeled walker, but there is no evidence in the record of this recommendation. (Admin. R. at 20.) Moreover, Plaintiff was not using the walker at her next physical-therapy or psychologist appointments. (Id. at 21.)

working. It was not erroneous for the ALJ to fail to account for a large number of absences, as substantial evidence supports the determination that such absences would not be as frequent or as long as Plaintiff here contends.

Plaintiff also argues that the ALJ's consideration of her migraines was insufficient. As discussed, Plaintiff claims that she suffers from daily headaches, that twice a month she suffers from severe migraines lasting for three days, and that she experiences nausea and vomiting during her migraines. (Id. at 457, 595.) But as Defendant points out, Plaintiff has not come forward with any objective evidence regarding her migraines, and the subjective evidence in the record on which she relies is from a single three-month period, far short of the 12-month duration required for disability benefits. And because the ALJ considered Listing 11.02 in making his determination (id. at 15), this case is unlike the cases Plaintiff cites in support of her argument on this point. See Mann v. Colvin, 100 F. Supp. 3d 710, 720 (N.D. Iowa 2015) (remanding because ALJ failed to consider predecessor to Listing 11.02 in evaluating the claimant's migraines); Yeatman v. Colvin, No. 4:14cv255, 2014 WL 7330627, at *2 (E.D. Ark. Dec. 18, 2014) (same); Theis v. Astrue, No. 3:10cv193, 2011 WL 2601581, at *6 (E.D. Ark. July 1, 2011) (same). Substantial evidence supports the ALJ's determination that Plaintiff's migraines did not rise to a listing-level impairment.

**CONCLUSION**

Substantial evidence in the record supports the Commissioner's decision to deny Plaintiff benefits.  Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Summary Judgment (Docket No. 20) is **DENIED**; and

2. Defendant's Motion for Summary Judgment (Docket No. 22) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: <u>Tuesday, March 9, 2021</u>     *s/ Paul A. Magnuson*
                                         Paul A. Magnuson
                                         United States District Court Judge